## In re HANSON.

### (161 N. W. 353.)

File No. 4031.   Opinion filed February 16, 1917.

**1.   Attorney—Disbarment—Grounds, Dismissal of Prosecution; Practicing Law While Clerk of Courts.**

An attorney who, in violation of statute, engaged in the practice of law in various cases and matters pending in both the circuit and county courts, while being also clerk of courts for the county, was thereby guilty of unprofessional conduct on the part of a member of the bar, which conduct should not be permitted by the judge of either of said courts; but, not having been prompted by corrupt motives, and not having attempted to conceal his conduct, and inasmuch as his term of office as clerk of courts had expired more than a year before complaint was filed, **held,** that the conduct complained of does not involve moral turpitude, and is insufficient as a ground of disbarment or suspension. **Held,** further, that the fact that said attorney, while state's attorney dismissed a prosecution pending against a defendant for the offense of furnishing intoxicating liquor to a minor, but which dismissal was for the reason that there was no evidence upon which a conviction could be procured, or would warrant further prosecution, did not constitute improper conduct on his part as an attorney; it not appearing that he had been actuated by any corrupt or improper motive in so acting.

**2.   Costs—Disbarment Proceedings—Complaint True in Part, Effect as to Accuser.**

Where, in a disbarment proceeding, the complaint filed was true in part, no costs should be taxed against accuser.

Original proceedings in the Supreme Court. In the matter of disbarment proceedings, against Dan E. Hanson, an attorney. Complaint dismissed.

*Clarence C. Caldwell,* Attorney General, for the State.

*L. L. Fleeger,* for Respondent.

POLLEY, J.   On the 5th day of May, 1916, certain charges in writing and verified by one Adolph Schultz were filed in this court, accusing the above-named respondent, an attorney and counselor at law, of Turner county, in this state, and duly licensed to practice law in the courts of this state, of certain dishonorable and unprofessional conduct and conduct unbecoming in a member of the bar of this state; and asking that said respondent be disbarred.   The court thereupon made and entered an order directing the Attorney General to investigate such accusations and report to the court the facts as found by him upon such investigation.   Thereafter and pursuant to the Attorney General's report and the order of this court, the Attorney General filed a formal complaint against the respondent, charging that, during the month of January, 1915, and while the said accused was the duly elected, qualified, and acting state's attorney of said Turner county, a certain criminal action then pending before a justice of the peace in the said county wherein the defendant therein was charged with the offense of furnishing intoxicating liquor to a minor, the said respondent, in consideration of certain political support that had been rendered by the said defendant in behalf of respondent during the Primary campaign in March, 1914, caused the dismissal of said action, with the corrupt intent on the part of the said respondent to pay and reward the said defendant for said political support.   The said complaint also charged that, during the years 1913 and 1914 and while the said respondent was the duly elected, qualified, and acting clerk of courts in and for the said Turner county, the said respondent appeared and acted as an attorney and counselor at law for various parties in various cases and matters then pending in both the circuit and county courts of said Turner county, contrary to and in violation of the provisions of chapter 171 of the Laws of 1913.   Respondent interposed an answer to the said complaint wherein he denied the first of the above charges set out and admitted the second.   In view of the fact that the respondent is now state's attorney of said county and an early disposition of this matter was desired, the case was set for trial by the court

without the intervention of a referee, and the evidence was taken in open court.

Upon the first charge alleged in the complaint, the evidence shows that the criminal action referred to therein had been pending in the said justice court as alleged in said complaint, and that it had been dismissed at the direction of the respondent; but the evidence also conclusively showed that said action was dismissed for the reason that there was no evidence upon which a conviction could be procured or that would warrant further prosecution. There was no evidence whatever showing, or tending to show, any improper conduct on the part of respondent or that he had been actuated by any corrupt or improper motive in the dismissal of the said case.

Upon the other charge, the evidence showed that the respondent, while clerk of courts of said county, did, repeatedly and in various cases and proceeedings, appear and act as attorney and counselor for various parties in both the circuit and county court, and that such action was taken by the respondent with full knowledge of and in open defiance of the law prohibiting the same. Such conduct on the part of a member of the bar is, of course, unprofessional, and should not have been permitted by the judge of either the circuit or the county court; but, in this case, respondent was not prompted by a corrupt motive, nor was any attempt made to conceal said conduct. Had complaint been made while such improper conduct was still in progress, or had respondent. after being admonished by the court, persisted in such conduct, the case would have been different; but such conduct had entirely ceased and respondent's term of office as clerk of courts had expired more than a year before the complaint was filed. Again, the conduct complained of does not involve moral turpitude, and, standing alone, is insufficient as a ground for disbarment or suspension.

The complaint against the respondent should be dismissed and the respondent discharged; but, inasmuch as the complaint filed was true in part, no costs should be taxed against the accuser.